Michael Naessens, Pro Se
Las Vegas, Nevada

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA, | Case No. |
| Plaintiff, | State Case No. 190102251 |
| v. | |
| MICHAEL NAESSENS | |
| Defendant | |

**NOTICE OF REMOVAL**

TO: THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

Under 28 U.S.C. § 1441, *et seq.*, Michael Naessens, the Defendant in this action, seeks removal of this action from the Court of Common Pleas for Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiff pro se Michael Naessens initiated an action in the Court of Common Pleas for Philadelpha County, Pennsylvania, captioned *School District of Philadelphia v. Michael Naessens*, Case 190102251 by filing a complaint on January 24, 2019 by using a reckless malicious criminal arrest on January 22, 2019.  That criminal case was used to try to serve defendant this false civil case and was dismissed as a false arrest on September 9, 2021. The abuse of power by Philadelphia Judicial System to use a false criminal arrest to file and attempt to serve a false Civil Complaint show the Common Pleas Court of Philadelphia is not suitable venue for proper Constitutional trial of a Nevada resident.  As required by 28 U.S.C. § 1446(a), a copy

of all process, pleadings, and orders are attached as **Exhibit 1**. Notably, Plaintiff did not have a summons or complaint properly served.

2. Defendant files this Notice of Removal within 30 days after receipt of an "other paper" from which it could "first be ascertained that the case is one which is or has become removable."

3. The controversy which gives rise to the action brought in Pennsylvania state court of Common Pleas both Civil and Criminal Divisions is one over which the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction under 28 U.S.C. § 1332 for the following reasons:

    a. Plaintiff identifies itself as a Pennsylvania government entity

    b. Defendant is a long term property owning Nevada resident.

    c. The amount in controversy exceeds $75,000, exclusive of interest or costs, as established by the complaint, legal fees, $300,000 of lost wages, false imprisonment, defamation per se, abuse of office. Cost to defendant is in excess of $600,000 and counterclaim will be in excess of $1 million.

4. The Complaint was not served with a Summons as required by Pennsylvania Rule of Civil Procedure Rule 404. Service Outside the Commonwealth. In addition, the Complaint was only attempted to be served mail to an address defendant did not live at, and to a fired inept former attorney of the defendant. Given these service failures, Defendant's time to remove has not yet been triggered. [1]

---

[1] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 1324, 143 L. Ed.2d 448 (1999) (holding that a defendant's time to remove is triggered by simultaneous service ofthe summons and complaint, or receipt of the complaint, "through service or otherwise," and apart from service of the summons, but not by mere receipt of the complaint unattended byany formal service.).

Additionally, even if service were proper, the Complaint did not establish that Plaintiff was seeking more than $75,000. It was not until September 9, 2021 criminal case dismissal, the Plaintiff filed for expungement of the reckless malicious false arrest. And criminal case. On December 9, 2021 Pro Se was searching for status of expungement and due to not being familiar with court systems instead found a claim that this civil case, that had been dismissed, was somehow in default judgement. Given Defendant's level of education (an MBA from Drexel University) and his status as Nevada Certified Public Accountant, Defendant states lost income exceeds $300,000.

5. True and correct copies of this Notice of Removal will be filed with the Court of Common Pleas for Philadelphia County, Pennsylvania, and served upon Plaintiff.

6. By this Notice of Removal, Defendant does not waive any defenses or objections, including those relating to service, jurisdiction, or venue. Defendant also intends no admission of fact, law, or liability and expressly reserves all defenses, motions, and pleas.

WHEREFORE, Defendant requests this Court remove this action to the United States District Court for the Eastern District of Pennsylvania.

By: /s/ Michael Naessens
Michael Naessens, Pro Se

-3-

## CERTIFICATE OF SERVICE

I, Michael Naessens, declare under penalty of perjury under the law of the State of Pennsylvania January 3, 2022, I deposited a true and correct copy of the preceding document in the U.S. Mail, postage prepaid, addressed to:

School District of Philadelphia

440 N Broad St,
Philadelphia, PA 19130

Dated: January 3, 2022        /s/ Michael Naessens
                              Michael Naessens, Pro Se