# Exhibit 1
# Process, Pleadings, and Orders

SCHOOL DISTRICT OF PHILADELPHIA     : COURT OF COMMON PLEAS

                                           : PHILADELPHIA COUNTY, PA

v.                             :      CIVIL TRIAL DIVISION

                              :

MICHAEL G. NAESSENS             :

                              :      No: 190102251

                              :

*Filed and Attested by the Office of Judicial Records 14 DEC 2021 04:15 pm S. RICE*

## EXHIBITS TO PETITION TO OPEN DEFAULT JUDGMENT

On May 5, 2018, Detective Lawrence Richardson began an Affidavit of Probable Cause for a crime that would not occur until May 28, 2018. The crime was allegedly committed by a Nevada Resident in Michigan. All these items are outside his and Philadelphia jurisdiction. Detective Richardson has a history as a religious fanatic focused on maliciously harassing outspoken suspected homosexual critics of Philadelphia and especially Philadelphia Police.

Detective Lawrence Richardson was emboldened in his desire to maliciously enforce his religious and political views when his wife Tammy Richardson obtained an influential job in the Philadelphia Court of Common Pleas in December 2016. It is after this enabling occasion Detective Richardson increased his brazenness in framing suspected homosexual political critics such as Ernest Owens and Michael Naessens. His Affidavits of Probable cause would no longer be reviewed prior to unchallenged false evidence presented to a Grand Jury to Indict any of his victims.

His wife was easily able to manipulate Judge Sierra Thomas -Street since Tammy worked as Judicial Secretary to Judge from Dec 2016 – Jul 2018 · 1 yr. 8 mos. Judge Street currently serves as Lead Supervising Judge in the Philadelphia Indicting Grand Jury Program. On 05/24/2019 Street, Sierra Thomas allowed the detective and his wife to manipulate falsified reckless malicious accusations and issued a IGJ - Held for Court

Fortunately, after that point the criminal case was removed from Philadelphia Court Judges and assigned to Madenspacher, Joseph C. President Judge of the Lancaster County Court of Common Pleas in Pennsylvania due to diligence by Brad Shuttleworth, criminal defense attorney for the defendant Michael Naessens. The reckless malicious abuse of power and retaliatory criminal lawsuit ground to a grind for the corrupt Philadelphia courts.

On September 9, 2021, after years of trying to create more false evidence the Philadelphia administration was completely shot down by Cornerstone Discovery, a highly respected Expert Witness for all Criminal and Civil Litigation support. Cornerstone proved what the detective and his wife tried to hide, Michael Naessens was at work with clients in Nevada all day on the date and time of the Michigan incident.

Dated: 12/14/2021

                                  **Respectfully      Submitted,**

                                  **Michael G. Naessens**

     



# Lawrence Richardson Jr. (J.R.)

 Message

Posts    About    Friends    Photos    Videos    Check-Ins    More ▾

## Intro

A Man Of God!    1

🎓 Went to Carver High School of Engineering and Science

🎓 Studied at Temple University

💜 Married to **Tammy Moore Richardson**

🕐 Joined March 2011

## Photos

See All Photos



Case ID: 190102251



**Tammy - Moore Richardson**
Legal Clerk at Family Court

( More )  ( 🔒 Message )    Follow

### Promoted

**America is on the move!**

Maximize your presence to reach renters and keep your communities leased.

Learn more

**Ready to join a board?**

Get immediate access to 100s of open advisory boards.

Learn more

## Activity

288 followers

Posts Tammy - Moore created, shared, or commented on in the last 90 days are displayed here.

See all activity

## Experience

**Legal Clerk**
Family Court
Nov 2018 – Present · 3 yrs 2 mos

Office of Judicial Records

**Court Clerk**
Court of Common Pleas
Sep 2018 – Nov 2018 · 3 mos
1301 Filbert Street. Philadelphia. Pa



**Secretary**
Judicial Secretary to The Hon. Sierra Thomas -Street
Dec 2016 – Jul 2018 · 1 yr 8 mos
1301 Filbert Street

The Judicial Secretary is assigned to a specific judge or judges and reports directly to and is supervised by that judge or judges. The Judi ' '

see more

Case ID: 190102251

In 2013, Judge Street was elected to the Court of Common Pleas in the First Judicial District of Pennsylvania. She is assigned to the Civil Trial Division Complex Litigation Center where she handles statutory appeals involving government entities. Previously, Judge Street was assigned to the Major Trials Program in the Criminal Division where she conducted both bench and jury trials in serious felony matters including but not limited to Attempted Murder, Rape, Robbery, and Family Violence. Judge Street currently serves as Lead Supervising Judge in the Philadelphia Indicting Grand Jury Program.

(4)

Case ID: 190102251

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number:** MC-51-CR-0004919-2019

### CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania
v.
Michael G. Naessens

Page 5 of 5

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/17/2019 | | Commonwealth of Pennsylvania |
| Sealed Motion Filed | | | |
| 1 | 05/24/2019 | 5 | Street, Sierra Thomas |
| IGJ - Held for Court | | | |
| 2 | 05/24/2019 | | Philadelphia County Clerk of Quarter Sessions |
| Formal Arraignment Scheduled 06/07/2019 11:00AM | | | |
| 3 | 05/24/2019 | 6 | Madenspacher, Joseph C. |
| Disclosure of Indicting Grand Jury Materials filed | | | |
| 4 | 05/24/2019 | | Commonwealth of Pennsylvania |
| Indictment Pursuant to Rule 556.11 Filed | | | |
| 1 | 05/28/2019 | | Unknown Filer |
| Common Pleas Case Created | | | |
| 2 | 05/28/2019 | | Active Criminal Records Department |
| Formal Arraignment Cancelled | | | |

### CASE FINANCIAL INFORMATION

Last Payment Date: 02/23/2019          Total of Last Payment: -$10.00

| Naessens, Michael G. Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Bail Bond (Philadelphia) | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

Case ID: 190102251

## IV. Conclusion



During the course of this investigation, Cornerstone found evidence to support that Michael Naessens was in Las Vegas Nevada, during the timeframe of May 27th to May 29th, 2018. Cornerstone has located Windows artifacts on both the "VEGAS" and "AcerDesktop" devices during this time that indicate user activity including an email which was sent on May 27th, 2018 at 4:40 PM from the local Outlook application with the naessens.iwb@gmail.com account. This email shows an ip address of 68.108.79.50 which, according to Cox Communications has an associated address of 8501 W University Ave., Apartment 2091, Las Vegas, NV 89147-6174

Case ID: 190102251

SCHOOL DISTRICT OF PHILADELPHIA : COURT OF COMMON PLEAS

                                :PHILADELPHIA COUNTY, PA

    v.                    :      CIVIL TRIAL DIVISION

                       :

MICHAEL G. NAESSENS    :

                     :      No: 190102251

                     :

*Filed and Attested by the Office of Judicial Records 13 DEC 2021 05:05 pm M. RUSSO*

## __MEMORANDUM OF LAW__

In the landmark case of Franks v. Delaware, 438 U.S. 154 (1978), the United States Supreme Court held that: "Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request."

Therefore, if there is a preliminary showing that a police officer made false statements in the warrant affidavit, either knowingly or intentionally or with reckless disregard for the truth, then a suppression hearing may be held. And if it is established during the suppression hearing that the police officer who requested the affidavit of probable cause committed perjury or a "reckless disregard for the truth" regarding a statement on which the probable cause finding was based, then the warrant may be deemed invalid and any resulting evidence or service of civil lawsuit or fraudulent retaliatory civil lawsuit 190102251 may be suppressed as "Fruit of the poisonous tree".

**Dated: 12/10/2021**

SCHOOL DISTRICT OF PHILADELPHIA          : COURT OF COMMON PLEAS
                                         :PHILADELPHIA COUNTY, PA
        v.                         :     CIVIL TRIAL DIVISION
                                   :
MICHAEL G. NAESSENS                :
                                   :     No: 190102251
_____  :

### EXHIBITS TO PETITION TO OPEN DEFAULT JUDGMENT

## The numbers below cross reference to reference numbers on the Affidavit of Probable Cause which show Franks v. Delaware is applicable to both the civil case  number 190102251 and criminal case

## Page A1 of Exhibit One Affidavit of Probable Cause

1.  11/30/2018 Signature on Affidavit of Probable Cause. Detective Lawrence Richardson is known as a religious fanatic Detective who targets homosexuals and outspoken critics of the Philadelphia government and Police Department. On October 11, 2018, he was exposed by Philadelphia Inquirer and Philadelphia Magazine for trying to frame Ernest Owens, a homosexual outspoken critic of Philadelphia police. 19 days later Detective Richardson signed an Affidavit of Probable Cause against another suspected homosexual and outspoken critic of Philadelphia police, Michael Naessens https://www.inquirer.com/philly/news/crime/philadelphia-police-counterterrorism-unit-ernest-owens-lgbtq-journalist-facebook-20181011.html

2.  Michael Naessens was born 12/6/1964 he is 56 years old. Detective Richardson used driver license from 2001 in Pennsylvania rather than the recent Nevada Driver license or passport to compare Mr. Naessens appearance to the suspect. No one looks the same 20 years later; this was done deliberately to frame Mr. Naessens. As will be detailed later the suspect looked nothing like Mr. Naessens, either now nor 20 years ago.

3.  Michael Naessens sold off 136 Chestnut St in August 2017, this fact was well documented in the press when he closed his world-famous restaurant "Eulogy Belgian Tavern" and blamed the fact of "Crime and Drugs in Philadelphia. This article is the beginning of Detective Richardson targeting Mr. Naessens for his criticisms and rumored homosexual lifestyle.

4.  Detective Richardson had Michael Naessens home address which he purchased in 2009. Naessens owned no property in Philadelphia ever. He is clearly a Nevada resident since 2006 as his driver licenses show. Despite knowing Mr. Naessens home address Richardson never asked local detectives to contact Mr. Naessens or his attorney for a video questioning. Instead he maliciously issued a reckless extradition warrant that would allow him to jail Mr. Naessens with no chance of bail nor a hearing of probable cause to dispute recklessly wrong accusations for 30 days.  Jailing without any legitimate probable cause nor chance to provide an easy alibi, this was done on purpose. Detective Richardson could have flown Mr. Naessens back to Philadelphia in one day or

had a video hearing for a bail amount. As Covid has shown video from anywhere in the USA was easy in 2019. No, Detective Richardson found and exploited an antiquated extradition system to ruin Mr. Naessens life and cause his to lose his job.

5.  The issuing authority never reviewed any evidence or noted the discrepancies in the reports. There was reckless disregard to malicious prosecution by the issuing authority.

## **Page A2 of Exhibit One Affidavit of Probable Cause**

6.  On May 5, 2018, Detective Richardson begins his affidavit of Probable cause. Later in the report he admits the incident took place May 28, 2018. How do you report a crime 23 days before it happens? Easy, you frame the guy by creating a crime but usually a person wouldn't be so reckless to admit it right in an affidavit of probable cause. That's a malicious abuse of office and a Felony in State and Federal Courts. Detective Richardson began with a wanted suspect then created a crime to fit and frame the person he religiously despised as a homosexual and outspoken critic of Philadelphia. Much as documented in point one against Ernest Owens whom he also targeted in the same method around the same time.

7.  "John" Batista is actually JON Batista, whoever sent the Christmas cards did not know Batista well. Jon Batista's email however was used on the credit card to buy the Cards. So it's obvious someone, likely Detective Richardson, worked with Jon Batista to frame Mr. Naessens.

8.  All Federal authorities declined to handle a multi-state Federal Case due to the facts not being there for probably cause. Facts actually showed Mr. Naessens never flew to Michigan, Mr. Naessens used no credit cards in Michigan, Mr. Naessens has no speeding or parking tickets in Michigan. Dearborn Michigan is 2,015 miles from Las Vegas, a minimum 29-hour nonstop drive. No one can drive 29 hours. There would have been 3 nights in hotels on a credit card with a traceable identification if Mr. Naessens drove to Michigan. Federal authorities pointed this out, but Detective Richardson continued to frame Mr. Naessens anyway.

9.  The Detective acknowledges Mr. Batista's history of violence and drug manufacturing. Rule 609 provides that, with certain restrictions, a witness may be impeached with evidence of two kids of criminal convictions: (1) felonies, regardless of their nature; and (2) misdemeanors involving crimes of dishonesty and false statement, such as check deception and perjury.  https://www.law.cornell.edu/rules/fre/rule_609 Also PHILADELPHIA POLICE DEPARTMENT DIRECTIVE 5.9 states "Prior to using a confidential informant, officers must register the potential confidential informant through the chain of command to the unit Commander and submit documentation to the Integrity Control Officer. "This directive was recklessly disregarded by Lt Richardson. http://www.phillypolice.com/assets/directives/D5.9-Informants.pdf

10. Who has a 10-page statement available in jail? Nothing in the 10 pages was verified and they are all lies which were never shared with the defendant to prove lies. The Detective likely wrote the statement beginning in early May as per point one and gave it to Batista to sign in exchange for being release from the Curran-Fromhold Correctional Facility where he was being held for violation of probation. A repeat felon is going to agree to a lie

Case ID: 190102251

to get out of jail of course.

11. Jon Batista was fired after two weeks due to falsified resume, references and refusal to do his job which as sous chef is to keep the kitchen clean.  Jon Batista also physically attacked other kitchen members including an African American Lesbian prep chef, causing her to walk off the job. After warning and investigation Jon Batista was fired. Jon Batista called health department to harass the business but weeks after fired, health department found typical number of Philadelphia violations. Jon Batista tried for unemployment, he was blocked when an appeals judge found the evidence Jon Batista was fired for violence and failure to keep a clean kitchen and be a real sous chef. A non-reckless detective would have asked about unemployment proof of wrongful termination. In addition, newspaper articles detailed that Bierstube, where Batista temporarily worked, closed due to end of the lease. The health department never closed nor fined Bierstube for health issues and all chef and Mr. Naessens were SERV Safe and Philadelphia Health Department certified at time of Batista dismissal.

12. Location of IP address 170.170.57.206 is Plano, Texas https://www.findip-address.com/170.170.57.206 The detective did not trace of FedEx stores in Plano, Texas. Federal authorities confirmed Mr. Naessens did not fly or use credit cards outside Las Vegas so Plano Texas is also impossible location for Mr. Naessens

13. Why was Michigan chosen for supposed store location? When you google address for Michael Naessens only two distant relatives with that name turn up in the USA, both named Michael Naessens, in same age group and both located in MICHIGAN. Detective Richardson assumed Michigan is where Mr. Naessens moved after closing his iconic Philadelphia restaurant. Detective Richardson then used a picture of a man who looked nothing like Mr. Naessens as probable cause for an extradition warrant.  The detective never checked the credit card the man in the video uses in the Copier, he never asked store employees if they recognized the unique rotund ridiculously dressed man as a customer, the detective never checked all credit cards used in the store that day, the detective never asked local police or media to help identify the supposed "racist terrorist" in the video. Instead, the Detective made a deal for Jon Batista to get out of prison for identifying a photo as Mr. Naessens.

14. Ten persons who live near Jon Batista received threats. Mr. Naessens would not have their names. Jon Batista beat a neighbor with a police baton to the level of hospitalization and felony assault.  This neighbor has a grudgeagainst Jon Batista and also the Judge who received a letter due to the fact she only gave him parole and allowed him to continue to sell drugs and terrorize the neighborhood. When Jon Batista got out of jail a second time for drug manufacturing this neighbor would be the prime suspect who knew all the neighbors and wanted revenge on Batista and the Judge for destroying the neighborhood.  The reckless Detective never interviewedthis neighbor nor any of the neighbors, none of whom complained to police as of the October 2018 probable cause document.

15. The detective confirms no neighbors complained about cards, they never got them or knew Batista would do such a thing. By time of the Grand Jury however, six months later, the Detective somehow produced 3 complaintants. The detective had promised/threatened neighbors to testify they were terrorized by cards. Once again, the Detective creates false witnesses and stories.

# Page A3 of Exhibit One Affidavit of Probable Cause

16. The J-Net PA Driver's License used by the Detective was from 2001. Mr. Naessens moved to Nevada in 2006, the Detective never obtained any Nevada Driver's License or social media or Press photos of Mr. Naessens although widely available. It's reckless to think someone would look the same 20 years later.  But even more malicious, Mr. Naessens was close to bald in 2001 and still is, yet the man in the picture has a full head of hair down to his eyebrows. The fat man in Michigan in the picture/video clip the video showed an individual (1) one hundred pounds heavier and (2) twenty years younger than Mr. Naessens, (3) had protruding ears and (4) a full head of hair, (5) had gynecomastia, and (6) dressed in a manner unattributable to Mr. Naessens. This was beyond reckless; it was maliciously ignoring the fact the picture was not Mr. Naessens.

17. Also, way back in 2001 Mr. Naessens owned a Volvo which he traded in for a Honda S2000 in 2002. Detective Richardson used the registration from the Volvo in Pennsylvania in 2001 to try to frame Mr. Naessens with the Michigan crime. Once again Detective Richardson uses 20-year-old information to frame someone in 2021. Mr. Richardson is reckless and malicious trying to frame people for religious beliefs, sexuality and invoking First Amendment rights.

18. Jon Batista was in jail for probation violation when Det. Richardson offered him freedom for framing Mr. Naessens.  Since Mr. Naessens turned Jon Batista into PA State Police which resulted in Jon Batista arrested with $500,000 bail and 2 to 4 jail sentences of course Batista agreed to frame Mr. Naessens. The photo looks nothing like Mr. Naessens and Jon Batista is not a qualified witness nor informant as a jailed multiple felony conviction.

19. As described in point 11 Jon Batista's high paying job, obtained two weeks via false resume and references, was as Sous Chef. The job of the Sous Chef is to keep the kitchen clean and running smooth. If it were dirty, it was Jon Batista's fault.  He was fired for being a slob.

20. The health department never fined nor closed Bierstube. A dozen minor violations is typical in even highly rated restaurants in Philadelphia due to old buildings and the city's faulty neglected infrastructure. The restaurant closed at end of lease, which the Detective knew but maliciously ignored in his report.

21. The lease for 136 Chestnut Street ended in August 2017. Mr. Naessens closed the restaurant and stopped traveling to the family run restaurant in 2017. Mr. Naessens was a Nevada resident since 2006 and homeowner since 2009, Philadelphia has no jurisdiction over Mr. Naessens.

22. 8501 W University Ave #G187 Las Vegas NV 89147 is a garage, not attached to any condo, simply in the development. The reckless Detective in his malicious attempt to speedily have the framed victim arrested couldn't even get the home address correct as 8501 W University Ave #2091

23. Assistant District Attorney Amanda Hedrick signed off the arrest warrant with extradition penalty on it. Amanda had Michael Naessens testify against Jon Batista in October 2017. Amanda knew the suspect looked nothing like Mr. Naessens. Amanda also knew Jon Batista was not a credible witness.  Amanda knew Jon Batista had motive of revenge for turning Jon Batista into state police and testifying against him. Amanda acted as Prosecuting

Attorney against Mr. Naessens despite her conflict of interest.  Amanda is reckless, likely not reading the affidavit nor any evidence. In light of the gravity of the charges Amanda was beyond reckless in having an innocent man jailed 40 days and on trial and bond for 3 years.

**Dated: 12/10/2021**

Case ID: 190102251

Commonwealth of Pennsylvania
County of Philadelphia

PROBABLE CAUSE

Copy

| Affiant: | Warrant Control Number: |
|---|---|
| ① DET LAWRENCE RICHARDSON JR L 9194 Counter-Terrorism Operations | AFF-0005669-2018 |

## PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

1. That after investigation I have probable cause to believe that a warrant of arrest should be issued for:

Defendant Name: **MICHAEL G NAESSENS**   Gender: M   Race: <u>White</u>

Alias:

② DOB: <u>12/06/1964</u> Pid:

Address: 136 CHESTNUT ST Apt. C Philadelphia, PA 19106
③ 136 CHESTNUT ST Apt. C PHILA, PA 19106
8501 W UNIVERSITY AV Apt. G187 LAS VEGAS, NV 89147-6157
④ 8501 W UNIVERSITY AV Apt. G187 LAS VEGAS, NV 89147-6157

CHARGES:

| DC Number | Code | Grade | Description | Count |
|---|---|---|---|---|
| 1819046120 | CC4702 | F3 | THREATS, INFLUENCES | 1 |
| | CC7512 | F3 | USE OF COMMUNIC FACLTY | 12 |
| | CC2706 | M1 | TERRORISTIC THREATS | |

2. That the facts tending to establish the grounds for the issuance of the warrant of arrest and the probable cause for my belief are as follows:    ( Note: if extended text exists, see following page(s) )

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH  IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant: DET LAWRENCE RICHARDSON.JR L 9194 Counter-Terrorism Operations

Sworn to or affirmed and subscribed before me this 30 day of October , 2018

_____
Affiant Signature

⑤ _____
Issuing Authority ,Signature

Case ID: 190102251


Copy

| Affiant: | |
|---|---|
| DET LAWRENCE RICHARDSON JR L 9194 Counter-Terrorism Operations | Warrant Control Number:<br>AFF-0005669-2018 |



1819046120 On Tuesday 5-5-18, the Counter Terror Ops Unit received information that the complainant Common Pleas Judge T.L. picked up a threatening letter that arrived at her home in the city and county of Philadelphia via the U. S. Postal Service. The letter stated, "Dear T...., No Nigger puts me in jail. Payback is coming. Lots of love, John Batista". The judge's full first name was used in the former threatening message but is omitted from this document for privacy reasons.

FBI/JTTF Detective Sean Walsh obtained information from Detective Ryan Howell of SWDD that the above message originated from an electronic letter application using an internet company named 'Postable.com'. Detective Brooks contacted Postable via email to which their co-founder responded.

The co-founder stated someone sent the threatening letter using a prepaid credit card through a company called Stripe. Stripe reported they were unable to determine the card purchaser's identity. They also stated the sender used 'jonthebatista@yahoo.com' as an email address.

Since the complainant was familiar with Batista's violent criminal history and his name appeared as the message sender, they were very concerned for their safety. To reinforce a defense against this threat, sheriff deputies commenced a security detail tasked with protecting them on a twenty-four (24) hour, seven (7) day a week basis. The assigned completed a threat assessment of the complainant's residence. Notations were made of vulnerabilities and recommendations to correct and or strengthen them.

After his arrest for the threat which was a violation of his probation, Batista gave the assigned seven (7) page statement. He said he did not send a threatening message to the complainant or any of the other eleven (11) people listed in Postable's record as being recipients of messages from this sender. He never used Postable.com. He is grateful to the complainant for giving him an initial sentence of probation instead of incarceration. He believes a male named Michael Naessens sent the messages using his (Batista's) name and address and a bogus email address that also contained his (Batista's) name. He said Naessens was a former employer who blames him for causing his restaurant business to fail and close. Batista showed the assigned numerous documents that support his claim of harassment, stalking and threats against him made by Michael Naessens.

Postable's co-founder produced records indicating the threatening cards were purchased and sent on 5-28-18 at 6:31pm EDT used IP address 170.170.57.206. The order# was 424502. A Federal Express security manager was able to trace the former IP address of 170.170.57.206. The search revealed that IP address belongs to Federal Express. The same security manager employed her IT team to research the usage history for that IP and target email address. The search revealed a Federal Express store in Dearborn, MI. as the location from which the threat originated. The Postable co-founder also reported the twelve (12) note cards came from his company. Ten (10) were mailed to neighbors of Batista who live on Firth Street. The set also included a letter addressed to Philadelphia Common Pleas Judge C.E.'s home in the city and county of Philadelphia, but he never received it. The twelfth (12th) Postable letter went to the complainant's residence. All the cards contained derogatory, racially tinged and/or threatening messages. The complainant was the only recipient of the twelve (12) to file a police report.

A search of the Federal Express 'Customer Activity Session Logs', for the 'jonbatista@yahoo.com' email address produced positive results for its use by a Federal Express customer. They stated the former email address transmitted messages at a Federal Express store in Dearborn, MI., on 5-28-18 between 6:20pm and 7:05pm. The same Federal Express security manager pulled surveillance footage for the above date and time window and sent the recorded surveillance footage to the assigned via a Federal Express shipment.

The assigned viewed the tape of footage from 5-28-18 between 6:20pm and 7:05pm, and observed a middle-aged white

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant: DET LAWRENCE RICHARDSON JR L 9194 Counter-Terrorism Operations

Sworn to or affirmed and subscribed before me this 30 day of October , 2018

Affiant Signature

Issuing Authority Signature

Case ID: 190102251

**Commonwealth of Pennsylvania**
**County of Philadelphia**



# AFFIDAVIT OF PROBABLE CAUSE

Copy

| Affiant: | |
|---|---|
| DET LAWRENCE RICHARDSON JR L 9194 Counter-Terrorism Operations | Warrant Control Number: AFF-0005669-2018 |

**16.** male who closely resembled the male from a J-Net PA driver's license photograph named Michael Naessens. The assigned contacted Detective Frank Wallace of the FBI's JTTF and inquired as to flight and travel records for Naessens. He reported Naessens has no record of flying domestically or internationally for the past thirty-nine (39) months. The

**17.** number used to transmit the threat belongs to a Volvo Test On-Star System, from this fact we deduct that Naessens drove to the Dearborn, MI. Federal Express Store and sent the threatening correspondence. The On-Star system search revealed negative results for user identity.

**18.** Jon Batista agreed to meet the assigned and view the surveillance footage from the Federal Express store in Dearborn, MI. During this viewing, he positively identified Michael Naessens as the man one can see using a kiosk and copy machine while inside the Dearborn, MI. Federal Express Store. The male holds a cellular phone while using the Federal Express equipment. (The Postable co-founder explained that the threats came to his company in email form. The male could easily use that cellular phone to transmit the threat while employing the Federal Express Wi-Fi signal connected to

**19.** the target IP address.) He also stated Naessens often used electronic and government agency related attacks against him in response to his (Batista's) reporting multiple health violations at a restaurant Naessens owned called Bierstube located at 206 Market St, Phila., Pa. 19106. After the levying of multiple Health Department code violation reports against the business, the restaurant closed.

**20.** The Program Manager at the Philadelphia Department of Health and Environmental Health Services verified those code violations. They reported the Bierstube restaurant received health violation reports on three (3) occasions from 2015 through 2016. Between fourteen (14) and sixteen (16) health violations reports occurred in each instance. Health department records show the facility was marked as closed for business on Thursday 2-26-17.

**21.** In light of the above facts, we request permission to arrest Michael Naessens at his residence located at 136 Chestnut Street, Apt. C., Phila., Pa. 19106 or at

**22.** 8501 W. University Avenue, G187, Las Vegas, NV 89147-6157, whichever proves valid and or current.

I certify that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

---

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant: DET LAWRENCE RICHARDSON JR L 9194 Counter-Terrorism Operations

Sworn to or affirmed and subscribed before me this 30 day of October, 2018

**23.**

_____
Affiant Signature

_____
Issuing Authority Signature

A3



# COMMONWEALTH OF PENNSYLVANIA
## PHILADELPHIA COUNTY

DC#: 18-19-046120
Dckt/MC#: **MC51-CR-0004919-**
Date: Oct 30,2018
Complaint: COM-0005669-201-

**Criminal Complaint**     *Felony*

*COMMONWEALTH* OF *PENNSYLVANIA* VS. MICHAEL G NAESSENS

Copy

I, the undersigned, do hereby state under oath or affirmation:

(1) My name is: **LAWRENCE RICHARDSON JR L  Counter-Terrorism Operations**

(2) I accuse **MICHAEL G NAESSENS**

who lives at  **136  CHESTNUT ST Apt. C Philadelphia, PA 19106**

with violating the Penal Laws of Pennsylvania on or about **Tuesday, June 05, 2018**

in the county of Philadelphia.

(3) The acts committed by the accused were:

See Supplemental Page For Complete Text

In violation of Pennsylvania Penal Laws,  section(s) and title(s)

**CHARGES:**

| Code | Grade | Description | Counts |
|------|-------|-------------|--------|
| CC4702 | F3 | THREATS, INFLUENCES | 001 |
| CC7512 | F3 | USE OF COMMUNIC FACLTY | 012 |
| CC2706 | M1 | TERRORISTIC THREATS | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

(4)  I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made.  This complaint has been reviewed and approved by     **A.D.A. AMANDA HEDRICK**

(5)  I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on
_____before Philadelphia Municipal Cou                    ;ourt Magistrate.

_____
Signature of Arraignment Court Magistrate.

_____
Signature of Affiant

am  alth: *R*    ive I'lt»rtily-tfst thiEMrg o:,mp/15 ʉr'th tbefTDtJ'sicn; d-the Pt&  s
·dtte.t.bifhrd. ·¥ttmrl v.intn. @Re rtkofthe bt . dT!iaJ (h.utsth3t
re   *Minge*i. ial'anth:l:c.uJjJents dller lytlmt  tialin&matkn ;md
·           .»

On **10/30/2018** , the above named affiant swore or affirmed that the facts set forth in the complaint were true and correct to the best of his/her knowledge, information and belief, and signed it in my presence. I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.

_____
Issuing Authority



Case ID: 190102251

β1

1/2


**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

DC#: 18-19-046120
Dckt/MC#: **MC51-CR-0004919-**
Date: Oct 30,2018
Complaint : COM-0005669-201

### *Supplemental Page For Complete Text*

THE DEFENDANT, WITH INTENT TO INFLUENCE HIS/HER DECISION, OPINION, RECOMMENDATION, OR OTHER EXERCISE
DISCRETION IN A JUDICIAL PROCEEDING AND WITH INTENT TO TERRORIZE, SENT A LETTER VIA UNITED STATES MAIL T
THE COMPLAINANT, JUDGE T.L., TO HIS/HER HOME IN THE CITY AND COUNTY OF PHILADLEPHIA, THREATENING
UNLAWFUL HARM TO HIM/HER. DEFENDANT DID ALSO SEND AN ADDITIONAL TWELVE THREATENING LETTERS VIA THE
UNITED STATES MAIL TO VARIOUS RECIPIENTS IN PHILADELPHIA.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE PUBLIC ACCESS POLICY OF THE UNIFIED JUDICI
SYSTEM OF PENNSYLVANIA: CASE RECORDS OF THE APPELLATE AND TRIAL COURTS THAT REQUIRE FILING
CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND
DOCUMENTS.

MICHAEL G NAESSENS          DC#: 1819046120          Page 2 of 2          Printed: 02/24/20...

Case ID: 19...02251

B2

Commonwealth of Pennsylvania
Philadelphia Municipal Court



# WARRANT OF ARREST

County of: Philadelphia
First Judicial District

**Copy**

**COMMONWEALTH OF PENNSYLVANIA**
V.
**MICHAEL G NAESSENS**

Issuing Authority

**AC Magistrate PATRICK STACK**

Citation/Complaint No : COM-0005669-2018
Docket No:
Warrant Control No : **WAR-0005669-2018**
Date Citation/Complaint Filed : 10/30/2018

Defendant's Address(s):

**136 CHESTNUT ST Apt. C Philadelphia, PA 19106**
**136 CHESTNUT ST Apt. C PHILA, PA 19106**
**8501 W UNIVERSITY AV Apt. G187 LAS VEGAS, NV 89147-6157**
**8501 W UNIVERSITY AV Apt. G187 LAS VEGAS, NV 89147-6157**

Charge(s):

| Code | Grade | Description | Count |
|------|-------|-------------|-------|
| CC4702 | F3 | THREATS, INFLUENCES | 1 |
| CC7512 | F3 | USE OF COMMUNIC FACLTY | 12 |
| CC2706 | M1 | TERRORISTIC THREATS | 1 |

*Additional charges, if any, are listed on separate page*

**DESCRIPTIVE INFORMATION:**

Social Security Number:

Sex: **Male**

Date of Birth: **12/06/1964**
Telephone Number: **(215)000-0000**

Age: **54**
Height: **600**
Weight: **250**

Race: **White**
Eye Color: **Blue**
Hair Color: **Black**

**Distinguishing features (scars, tattoos, facial hair, disability, etc):**

Alias(es):

TO POLICE OFFICER:
In the name of the Commonwealth of Pennsylvania, you are commanded to take   **MICHAEL G NAESSENS,**
the defendant, into custody for 809 Other assaults terroristic threats
Issued under my hand this **30 day of October , 2018**

_____
Signature   **Issuing Authority**

MICHAEL G NAESSENS,   DC#: 1819046120   Page 1 of 1   04209   Printed: 02/21/2019 11:49AM

**Case ID: 190102251**

Thursday, September 23, 2021

Today's Paper

# The Philadelphia Inquirer

Subsc



NEWS    SPORTS    BUSINESS    OPINION    POLITICS    ENTERTAINMENT    LIFE

News

# The former owner of an Old City tavern has been cleared of sending threatening letters to judges and others

The case fell apart when Naessens' lawyer uncovered digital evidence proving that Naessens did not mail the threats, his lawyer said. The DA's Office dropped the charges Sept. 9.

ADVERTISEMENT



Owner Michael Naessens (right) with an unidentified employee at Eulogy Belgian Tavern in this undated photo from Eulogy's Facebook page.
FACEBOOK

by Mensah M. Dean
Updated Sep 17, 2021

City prosecutors have dropped all charges against a former Old City tavern owner who was arrested and

Case ID: 190102251

with making terrorist threats after authorities claimed he purchased threatening message cards on the internet and mailed them under another man's name.

But the case fell apart when Naessens' lawyer uncovered digital evidence — gathered over more than a year — proving that Naessens did not send the threatening messages, the lawyer said. The District Attorney's Office dropped the charges Sept. 9.



Eulogy Belgian Tavern, 136 Chestnut St.
Michael Klein/Staff

The evidence established that the computer used to purchase the cards was not Naessens' and that the real culprit mailed the cards from Dearborn, Mich., at the same time digital forensic evidence showed that Naessens was in Las Vegas, where he had moved, his lawyer said.

ADVERTISEMENT

Case ID: 190102251

NEWS    SPORTS    BUSINESS    OPINION    POLITICS    ENTERTAINMENT    LIFE

"A lot of people feel that we are being tracked too much. However, in this case, the fact that some of the things that we do on a daily basis can lead to your whereabouts, that basically saved Mr. Naessens," said the lawyer, Brad V. Shuttleworth. "Without that digital data, how else would we have been able to prove this alibi evidence so strongly?"

Asked to comment on the decision to drop the charges, Jane Roh, the spokesperson for the District Attorney's Office said: "The Commonwealth determined we could not meet our burden at trial due to evidence that was obtained throughout the course of that investigation."

Sources familiar with the case told The Inquirer that Common Pleas Court Judge Timika Lane, who is African American, received one of the cards, which contained menacing and racist remarks. The identities of the second judge and the 10 other people who received threats were never made public.

Naessens still lives in Las Vegas and works as a certified public accountant, said Shuttleworth, who believes his client was set up by an acquaintance Lane had placed on probation.

Case ID: 190102251

NEWS   SPORTS   BUSINESS   OPINION   POLITICS   ENTERTAINMENT   LIFE

Philadelphia counterterrorism detective because his name appeared at the bottom of the threatening cards, Shuttleworth said.

During the interview, the man accused Naessens of sending the cards, and identified him as a man in a video taken in a Dearborn FedEx store at the time that the cards were mailed, the lawyer said. Shuttleworth said his client looked nothing like the man in the video.

Naessens was arrested in January 2019, eight months after the cards were mailed, and extradited to Philadelphia. He spent close to two months in jail before he was released on bail.

"Everybody involved deserved a better investigation, I include the DA's Office in that," Shuttleworth said. "The DA's Office just wanted to get the right person. … I don't know if it was sloppy [police] work or rushing or what it was. But they were completely off the mark."

Roh said the case remains open.

Published Sept. 17, 2021

---

 **Mensah M. Dean** ✉ 🐦
I report on law breakers, those they impact, and how the criminal justice system interacts with both. I also write about civil litigation and trials.

---

Case ID: 190102251

Subsc

NEWS    SPORTS    BUSINESS    OPINION    POLITICS    ENTERTAINMENT    LIFE

ADVERTISEMENT

## About Us

About The Inquirer

Advertise

Contact Us

Licensing & Permissions

Photo Reprints

Newspapers in Education

Jobs & Internships

Inquirer Events

Acel Moore Workshops

Newsroom Staff

## News & Info

News

Sports

Entertainment

Business

Health

Food

Life

Opinion

Archives

Special Reports

## Marketplace

Subscribe

Inquirer Store

Job Listings

All Classifieds

Legal Notices

Gift Subscriptions

## e-Editions

The Inquirer

The Daily News

## Mobile Apps

Apple iOS

Google Android

© 2021 The Philadelphia Inquirer, LLC
Terms of Use  /  Privacy Policy  /  Cancellation Policy  /  California
Notice  /  California residents do not sell my data request
California residents do not sell my data request




Case ID: 190102251

ShuttleworthLaw

(215) 774-1371

- Areas of Practice ⌄
- Attorney Profile ⌄
- Blog
- FAQ
- Contact

# How Strong Is an Alibi Defense?

by shuttleworth_admin | Sep 20, 2021 | Criminal Defense



Case ID: 190102251

How Strong is an Alibi Defense? | Shuttleworth Law

Alibi defenses are powerful when investigators can verify the alibi. However, it is not easy to prove one in some cases. Criminal defense lawyers can help you prove your alibi while complying with the local court's notice and evidence rules.

In this post, I define what an alibi defense is, an example of one I recently used in a case, and how you can make your alibi stronger.

# What Is an Alibi Defense?

An alibi defense is a type of legal strategy used by Defendants when charged with a crime. Essentially, their defense is that they couldn't have committed the crime since they were with someone else or in another location when it happened. You can use an alibi defense if you have one and are erroneously charged with a crime.

# Example of an Alibi Defense

As a Philadelphia criminal defense lawyer, I utilize alibi defenses, where appropriate for client cases.

I recently represented Michael Naessens, a 56-year-old man charged with making terroristic threats. He stood accused of

 Case ID: 190102251

sending threatening messages to area people, including two Philadelphia judges!

The police rightfully concluded that the threatening messages were sent through an online card sending service called Postable. However, they wrongfully concluded that my client was the source sending them, a fact they should have verified in the first place.

Postable allows people to order and send physical greeting cards with custom messages. In this case, the sender was in Dearborn, Michigan, and my client was in Las Vegas, Nevada at the time of the crime.

Unfortunately, Mr. Naessens had no one to corroborate his location-based alibi. So, my law firm hired a digital forensics firm and completed an investigation based on data from his computers and the online applications he used regularly. The investigation concluded that he was in Las Vegas, Nevada at the time the crime was committed, not in Dearborn, Michigan, and therefore he was not the person who sent the messages.

To read the entire September 17, 2021 feature news story, check out *The former owner of an Old City tavern has been cleared of*

Case ID: 190102251

*sending threatening letters to judges and others* in The Philadelphia Inquirer.

# How Can I Make My Alibi Stronger?

Make your alibi stronger by hiring a criminal defense lawyer. Certain prosecutorial notice and evidence rules apply to alibis, and an attorney can help you navigate these complexities while avoiding legal mistakes.

In the preceding alibi defense example, my firm had to get creative and exhaust our digital resources to prove and authenticate his innocence. He wouldn't have been able to carry out this strategy from a jail cell or at home without computer access.

Always get legal help when things look bad, and by that, I mean when you're being investigated, questioned, charged, or arrested, regardless of your alibi.

# Were You Charged with a Crime in Pennsylvania or New Jersey?

If so, I can help, and I'm not afraid of taking on tough cases, either. Put an innovative and experienced criminal defense

Case ID: 190102251

Case 2:22-cv-00126-CFK    Document 1-1    Filed 01/03/22    Page 29 of 85

lawyer on your side by contacting me at Shuttleworth Law for a
Free Case Evaluation. Call 215-774-1371 or message me here
directly to request yours today.

**Share this:**

 

**Related**

Why Hire a Philadelphia
Criminal Defense Lawyer?
August 30, 2021
In "Criminal Defense"

Plain and Simple: Don't Talk
to Police
October 27, 2008
In "Criminal Defense"

A New Website
March 21, 2017
In "Law Firm News"

| | Search |
|---|---|

# Categories

Civil Rights (3)

Criminal Defense (120)

  Appeals (1)

  Assault (1)

  Burglary (1)

  Child Abuse (2)

Case ID: 190102251

Computer Crimes (1)

Conspiracy (2)

Contempt (3)

Corruption (2)

Criminal Law Courts (22)

Drug Charges (3)

DUI (4)

Evidence (5)

Expungements & Pardons (2)

Forgery (1)

Gun Charges (11)

Homicide (2)

Police Conduct (4)

Prisons & Jails (9)

Probation and Parole (5)

Property Crime (1)

Robbery (1)

Search & Seizure (31)

Case ID: 190102251

Sentencing (13)

Sex Crimes (4)

Traffic Stops (4)

Violent Crime (2)

Warrants (4)

Weapons (1)

General Legal News (21)

Law Firm News (9)

Legislation (6)

This website is designed for general information only. The information presented on this site should not be construed to be formal legal advice or the formation of a lawyer/client relationship. Past success is not indicative of future results. Each and every case is different, with different facts, and possibly different laws, which apply to those facts.

Shuttleworth Law

Case ID: 190102251

1445 Snyder Avenue

Philadelphia, PA 19145


Email: info@shuttleworth-law.com

Phone: (215) 774-1371


Copyright © 2021 Brad V. Shuttleworth, Esq. | **Privacy Policy**

Case ID: 190102251

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR       ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
215-686-3827

CITY OF PHILADELPHIA
        AND
SCHOOL DISTRICT OF PHILADELPHIA       COURT OF COMMON PLEAS
        v.                                     PHILADELPHIA COUNTY
HISTORIC QINGDAO INC.
        AND                                   NO.
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE
LAS VEGAS, NV  89147

## COMPLAINT IN CIVIL ACTION

### INTRODUCTION

1.      Plaintiff is the City of Philadelphia ("City"), a City of the First Class, in the Commonwealth of Pennsylvania, acting through its Department of Revenue ("Department").

2.      Plaintiff is the School District of Philadelphia, a School District of the First Class in the Commonwealth of Pennsylvania, acting through the Department.

3.      Hereinafter, both Plaintiffs are collectively referred to as "Plaintiff."

4.      Defendant HISTORIC QINGDAO INC. ("Defendant Corporation"), a duly licensed corporation which at all times hereinafter mentioned was engaged in business at 44 S. 3rd Street, 206 Market Street and/or at other locations in Philadelphia.

5.      Defendant Corporation was assigned Tax Account Number xxx4795 for the filing and payment of Liquor Taxes by the Department.

6.      Defendant Corporation is further identified by Federal Employer Identification Number ("EIN") 45-XXX7771.

2

Case ID: 190102251
Control No.: 21122158

7.    Defendant MICHAEL G. NAESSENS was, at all times relevant hereto, an officer of Defendant Corporation.

8.    Hereinafter Defendant MICHAEL G. NAESSENS is referred to as "Defendant Officer."

9.    Hereinafter Defendant Corporation and Defendant Officer are collectively referred to as "All Defendants."

## THE LAW

10.    Plaintiff incorporates herein by reference paragraphs 1 through 9,   inclusive, as if fully set forth herein.

11.    The Council of the City of Philadelphia has adopted the following Ordinances imposing taxes for general revenue purposes, the provisions of which are incorporated herein by reference:

**LIQUOR SALES TAX ORDINANCE**, June 27, 1994, as amended, now Section 19-1805 of the Philadelphia Code.

12.    Section 19-1805 of the Philadelphia Code provides that the Board of Education of the School District of Philadelphia imposes a Liquor Tax upon the sale of liquor and malt and brewed beverages which are sold or dispensed by any hotel, restaurant or club, or other person licensed by the Commonwealth of Pennsylvania to sell or dispense such beverages within the School District.

13.    Section 19-1805 of the Philadelphia Code provides that every vendor shall collect the Liquor Tax as agent for the Board of Education of the School District of Philadelphia from the purchaser at the time of making the sale, and shall be liable for remitting the tax to the School Revenue Commissioner acting through the Department.

3

Case ID: 190102251
Control No.: 21122158

14.   Section 19-1805 of the Philadelphia Code requires each vendor to file a Liquor Tax return with the City each month and pay the tax due.

15.   Section 19-1805(7)(c) of the Philadelphia Code provides that interest and penalties will continue to accrue on unpaid Liquor Taxes.

16.   Section 19-509 of the Philadelphia Code provides that interest and penalties will continue to accrue on the unpaid tax principal, and where suit is brought for recovery of delinquent taxes, the cost of collection together with interest and penalty will be imposed.

17.   Section 19-509(5) of the Philadelphia Code provides that any person who shall:  (a) make any false statement; (b) fail or refuse to file any report or return; (c) violate any condition of any license required thereunder; (d) fail to pay over the Department any monies which he or she may hold as agent for the City; or (e) violate any provision of Title 19 of the Philadelphia Code or any regulation adopted thereunder; shall be subject to a fine of not more than $300.00 for each offense.  Section 19-509(5) further provides that a separate offense shall be deemed to occur on the first day of each month that the conduct described in Section 19-509(5)(b) or (5)(d) continues.

## COUNT I

18.   Plaintiff incorporates herein by reference paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.   Defendant Corporation was a vendor that sold liquor and malt and brewed beverages to purchasers in the School District during the years 2012 through 2014, and Defendant Corporation was required to collect Liquor Tax as part of each sale.

20.   Defendant Corporation failed to file Liquor Tax returns for the years 2012 through 2014, and failed to timely remit the Liquor Tax principal due for the periods and amounts as more fully set forth in Exhibit "A."

4

Case ID: 190102251
Control No.: 21122158

21.    On or about October 13, 2016, the Department completed an audit examination of Defendant Corporation for Liquor Taxes for the years 2012 through 2014 after Defendant Corporation provided federal returns and supporting documentation.

22.    As a result of the audit examination, the Department assessed Defendant Corporation for its Liquor Taxes for the years 2012 through 2014 since there were active Business Income and Receipts Tax and Wage Tax accounts with the Department for these years.

23.    The Department assessed Defendant Corporation for Liquor Taxes tax principal for the years 2012 through 2014, in the amount of $35,602.00, exclusive of interest and penalties.

24.    On or about October 14, 2016, Defendant Corporation was duly notified of such assessment when the Assessment Bill was mailed to Defendant Corporation at 848 N. Rainbow Blvd. #3106, Las Vegas, Nevada 89107.

25.    Upon information and belief, Defendant Corporation and Defendant Officer are currently located at 8501 W. University Avenue, Las Vegas, Nevada 89147.

26.    Plaintiff has made demands upon Defendant Corporation for the payment of the assessed Liquor Tax principal due for the years, periods, and amounts as more fully set forth in Exhibit "A," but Defendant Corporation has failed to pay the same or any part thereof.

27.    Defendant Corporation failed or refused to pay the interest and penalties as more fully set forth in Exhibit "A."

28.    Defendant Corporation failed to timely file a Petition for Review on the merits for the assessed Liquor Tax liabilities with the Tax Review Board, as permitted under Section 19-1702 of the Philadelphia Code.

WHEREFORE, Plaintiff demands judgment against Defendant Corporation HISTORIC QINGDAO INC. in the amount of SIXTY SIX THOUSAND TWO HUNDRED FORTY NINE

Case ID: 190102251
Control No.: 21122158

DOLLARS AND TEN CENTS ($66,249.10), which includes: (a) Liquor Tax principal in the amount of $35,603.00; and (b) current accrued interest and penalties, as provided by Sections 19-509 and 19-1805(7)(c) of the Philadelphia Code, calculated to January 7, 2019, in the amount of $30,646.10; together with interest and penalties which continue to accrue.

## COUNT II

29.    Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, as if fully set forth herein.

30.    Defendant Officer, MICHAEL G. NAESSENS, as an officer of Defendant Corporation, operated and managed said Corporation, and was thereby actively responsible for, and in control of, the financial affairs of said Corporation, including the collection, withholding, filing, and remitting of Liquor Taxes during the relevant time period.

31.    Defendant Officer MICHAEL G. NAESSENS failed to remit to the Department the Liquor Tax required to be collected during the relevant time periods; and the keeping and production of proper alcoholic beverage sales' records required of such vendors.

32.    Defendant Officer is *trustee ex maleficio* of the delinquent Liquor Taxes owed to Plaintiff.

33.    Defendant Officer failed to timely file a Petition for Review on the merits for the audit-assessed Liquor Tax liabilities with the Tax Review Board, as permitted under Section 19-1702 of the Philadelphia Code.

WHEREFORE, Plaintiff demands judgment against Defendant Officer in the amount of SIXTY SIX THOUSAND TWO HUNDRED FORTY NINE DOLLARS AND TEN CENTS ($66,249.10), which includes: (a) Liquor Tax principal in the amount of $35,603.00; and (b) current accrued interest and penalties, as provided by Sections 19-509 and 19-1805(7)(c) of the Philadelphia

Case ID: 190102251
Control No.: 21122158

Code, calculated to January 7, 2019, in the amount of $30,646.10; together with interest and penalties which continue to accrue

## COUNT III

34.    Plaintiff incorporates herein by reference paragraphs 1 through 32, inclusive, as if fully set forth herein.

35.    All Defendants were obligated to timely file tax returns and to pay the tax due thereon for the taxes and periods set forth in Exhibit "A" when they became due.

36.    All Defendants violated the Philadelphia Code THREE (3) times for failing to timely file tax returns and/or to pay the taxes when they became due.

WHEREFORE, Plaintiff demands that a fine be entered against Defendant Corporation HISTORIC QINGDAO INC. and Defendant Officer MICHAEL G. NAESSENS in the amount of NINE HUNDRED DOLLARS AND ZERO CENTS ($900.00).

MARISSA M. O'CONNELL
DIVISIONAL DEPUTY CITY SOLICITOR

BY: _____
ANDREW J. BARRON
ASSISTANT CITY SOLICITOR
ATTORNEY FOR PLAINTIFF

7

Case ID: 190102251
Control No.: 21122158

VERIFICATION

The undersigned verifies that the statements made in the foregoing pleadings are true and correct to the best of her knowledge, information, and belief.  The undersigned understands that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

BY: _____
MARCELL G. PACE
TAX ANALYST II
LAW DEPARTMENT

8

Case ID: 190102251
Control No.: 21122158

Case ID: 190102251

EXHIBIT A

HISTORIC QINGDAO INC
CITY ACCOUNT # 9774795

INTEREST & PENALTY COMPUTED TO 01/07/2019

EXHIBITA

| PERIOD/YEAR | TAX TYPE | TAX PRINCIPAL | INTEREST | PENALTY | OTHER | TOTAL |
|---|---|---|---|---|---|---|
| 12312012M | LIQ | $ 9,700.00 | $ 3,443.50 | $ 6,887.00 | $ 0.00 | $ 20,030.50 |
| 12312013M | LIQ | $ 11,411.00 | $ 3,366.25 | $ 6,732.49 | $ 0.00 | $ 21,509.74 |
| 12312014M | LIQ | $ 14,492.00 | $ 3,405.62 | $ 6,811.24 | $ 0.00 | $ 24,708.86 |
| LIQ TOTAL | | $ 35,603.00 | $ 10,215.37 | $ 20,430.73 | $ 0.00 | $ 66,249.10 |
| GRAND TOTAL | | $ 35,603.00 | $ 10,215.37 | $ 20,430.73 | $ 0.00 | $ 66,249.10 |

Case ID: 190102251
Control No.: 21122158

# Exhibit "B"

Case ID: 190102251
Control No.: 21122158

**LEVY LAW LLC**
Bart Levy, Esquire
PA Attorney I.D. No. 204800
1515 Market Street, Suite 950
Philadelphia, PA 19102
Bartlevyesq@gmail.com
(267) 687-8000



Attorney for Defendant

*Filed and Attested by the
Office of Judicial Records
13 MAR 2019 10:26 am
M. RUSSO*

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| *Plaintiffs* | : | PHILADELPHIA COUNTY |
| | : | |
| | : | |
| v. | : | JANUARY 2019 TERM |
| | : | |
| MICHAEL G NAESSENS | : | |
| *Defendant* | : | CASE ID:    190102251 |
| | : | |

## <u>ENTRY OF APPEARANCE</u>

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendant, Michael G Naessens in respect to the above-captioned matter.

Respectfully submitted,
**LEVY LAW LLC**

Dates: <u>March 13, 2019</u>
_____

Bart Levy, Esquire
Attorney for Defendant

**LEVY LAW LLC**
Bart Levy, Esquire
PA Attorney I.D. No. 204800
1515 Market Street, Suite 950
Philadelphia, PA 19102
Bartlevyesq@gmail.com
(267) 687-8000

Attorney for Defendants



Filed and Attested by the
Office of Judicial Records
14 MAR 2019 10:43 am
G. IMPERATO

_____

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| *Plaintiffs* | : | PHILADELPHIA COUNTY |
| | : | |
| | : | |
| v. | : | JANUARY 2019 TERM |
| HISTORIC QINGDAO INC. | : | |
| AND | : | |
| MICHAEL G NAESSENS, OFFICER | : | |
| *Defendants* | : | CASE ID:      190102251 |
| | : | |

_____

## <u>ENTRY OF APPEARANCE</u>

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendant, Historic Qingdao Inc in respect to the above-captioned matter.


Respectfully submitted,
**LEVY LAW LLC**


Dates:  <u>March 14, 2019</u>
_____

Bart Levy, Esquire
Attorney for Defendants

# Exhibit "C"

Case ID: 190102251
Control No.: 21122158

**FILED**
22 APR 2019 01:30 pm
Civil Administration
E. BUSS

PHILADELPHIA COURT OF COMMON PLEAS
**PETITION/MOTION COVER SHEET**

| CONTROL NUMBER: |
| --- |
| *(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)* |

| FOR COURT USE ONLY |
| --- |

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
| --- | --- |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

January _____ Term. 2019
*Month*          *Year*
No. 19-01-02251

Name of Filing Party:

Michael Naessens

CITY OF PHILADELPHIA

vs.

HISTORIC QINGDAO INC.

*(Check one)* ☐ Plaintiff  ☑ Defendant
*(Check one)* ☑ Movant  ☐ Respondent

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☑ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes  ☑ No
Is another petition/motion pending?  ☐ Yes  ☑ No
*If the answer to either question is yes, you must identify the judge(s):*
_____

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| Motion to Stay Proceedings | MTSPR |

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

**I. CASE PROGRAM**

**Is this case in the** *(answer all questions):*

**A. COMMERCE PROGRAM**

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?
☐ Yes  ☐ No

**B. DAY FORWARD/MAJOR JURY PROGRAM** — Year ____

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?
☐ Yes  ☐ No

**C. NON JURY PROGRAM**
Date Listed: Thursday, January 24th, 2019

**D. ARBITRATION PROGRAM**

Arbitration Date: _____

**E. ARBITRATION APPEAL PROGRAM**

Date Listed: _____

**F. OTHER PROGRAM:** _____

Date Listed: _____

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

BARRON, ANDREW J, 1401 JFK BLVD
5TH FLOOR PHILADELPHIA PA 19102
(215)686-3827

LEVY, BART E, 1515 MARKET STREET
SUITE 950 PHILADELPHIA PA 19102
(267)687-8000

WEISS 391, WILLIAM J, 1515 MARKET ST
SUITE 950, PHILADELPHIA PA 19102
(267)687-8000

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____  4-21-2019  Michael Naessens
*(Attorney Signature/Unrepresented Party)*  *(Date)*  *(Print Name)*  *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

City of Philadelphia
_____
             Plaintiff/Petitioner

        v.

Historic Qingdao Inc
_____
             Defendant/Respondent

:
:
:
:
:
:
:
:

January _____ Term, 20 19

No. 19-01-02251

Control No._____

**<u>RULE</u>**

AND NOW, this ____ day of _____, _____, upon consideration of the foregoing Motion/Petition <u>to stay proceedings until the timely Petition for Review filed April 18 2019</u> <u>as permitted under Section 19-1702 of the Philadelphia Code is complete</u>

_____, a RULE is hereby entered upon the Respondent to show cause why the relief requested therein should not be granted.

RULE RETURNABLE on the _____ day of _____, _____, at _____ a.m./p.m., in Courtroom _____, City Hall, Philadelphia, PA  19107.

BY THE COURT:

_____
                         J.

Case ID: 190102251
Control No.: 21022158

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

*City of Philadelphia*

                  Plaintiff

v.

Historic Qingdao Inc

                  Defendant

:
:
:
:
:
:
:
:
:
:
:
:
:

____January_____Term, 20 _19_

No._19-01-02251_____

Control No._____

## ORDER

AND NOW, this ____ day of _____, _____, upon consideration of the Motion/Petition __to stay proceedings until the timely Petition for Review filed April 18 2019__

__as permitted under Section 19-1702 of the Philadelphia Code is complete__ ____

any response thereto, it is ORDERED and DECREED that said Motion/Petition is _____

_____.

BY THE COURT:

_____
                                   J.

Case ID: 190102251
Control No.: 21022158

## IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION - CIVIL

City of Philadelphia

_____

                                    Plaintiff

v.

Historic Qingdao Inc

_____

                                    Defendant

:
:
:
:
:
:
:
:
:
:
:
:

January _____ Term, 20 19

No. 19-01-02251

Control No._____

(Please fill in information below)

Per Plaintiff's Complaint in Civil Action, point 24, claims the Corporation was notified of assessment on October 14, 2016 at an address the Corporation did not use. Exhibits show the Corporation was never given assessment on October 14, 2016

Plaintiff acknowledges in point 28 the Defendants have 60 days to file a Petition for Review under Section 19-1702 of the Philadelphia Code. Defendant has filed Petition for Review, Exhibits submitted to court.

Per point 24. 24. "On or about October 14, 2016, Defendant Corporation was duly notified of such assessment when the Assessment Bill was mailed to Defendant Corporation at 848 N. Rainbow Blvd. #3106, Las Vegas, Nevada 89107."

Exhibit A:   The Corporation was never notified of any assessment, The Corporation properly filed a change of address notice for the public, On 09/19/2016 Action Type:

Registered Agent Change Document Number: 20160412171-45  Updated Corporations registered address to be 4590 Deodar St Silver Springs NV 89429. The Corporation does not use any of the addresses used in the Plaintiffs Complaint in Civil Action

Exhibit B:   On 11/10/2016 Action Type: Dissolution The Corporation was insolvent and discontinued with no known liabilities to the City of Philadelphia on 11/10/2016  Document Number:    20160497542-10  D Shoaf was the Corporate Officer as of the date of dissolution and never received Philadelphia's assessment.

Exhibit C:   All Corporation information was properly filed with the Nevada Secretary of State for any notification to the Corporation. Philadelphia Revenue and Legal Departments could have easily made proper notice by mail using proper Corporation registrations.

Based upon the February 23, 2019 notification of assesment to a former employee the filed Petition for Review was filed timely within 60 days on April 18 2019. The motion asks the court to rule the case should be suspended until the Review is complete.

Case ID: 190102251
Control No.: 21022158

# IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION - CIVIL

<u>City of Philadelphia</u>

               Plaintiff

v.

Historic Qingdao Inc

               Defendant

:
:
:
:
:
:
:
:
:
:
:
:

January_____Term, 20 19

No. 19-01-02251

Control No._____

## MEMORANDUM OF LAW
### (Brief in support of Motion/Petition or Answer)

**(Please fill in information below)**

PHILADELPHIA | § 19-1702. PETITIONS FOR REVIEW.

(1) Every petition for review of any decision or determination relating to the liability of any person for any unpaid money or claim collectible by the Department of Revenue, for or on behalf of the City or the School District of Philadelphia, including, but not limited to, any tax, water or sewer rent, license fee or other charge, and interest and penalties thereon, shall be filed with the Tax Review Board within 60 days after the mailing of a notice of such decision or determination to the petitioner.

(2) Every petition for review shall state the reasons upon which the petitioner relies and shall include a certification by the petitioner that the facts set forth therein are true.

(3) The Tax Review Board shall within a reasonable time consider each petition for review and notify the petitioner in writing of its decision thereon.

(4) The filing of a petition for review shall not stop the accrual of interest and penalty otherwise due.

(5) The filing of a Petition for Review shall be deemed to include therein, whether or not specifically stated, a request for the waiver of interest and penalties. The Board shall rule upon the waiver of interest and penalties in conjunction with its ruling upon the Petition for Review. The failure of the Board to abate interest or penalties in whole or in part in its decision on the Petition for Review shall have the effect of a denial of such abatement.

## **VERIFICATION**

I, _____Michael Naessens_____, Plaintiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

Michael Naessens
_____
(Print Name)

_____
(Signature)

Date:___04/21/2019_____

Case ID: 190102251
Control No.: 21022158

## CERTIFICATION OF SERVICE

I, _____Michael Naessens_____, hereby certify that a true and correct copy of the

foregoing Motion/Petition and accompanying papers, was served on the below listed addresses by First-Class

United States mail, postage pre-paid on ___04/21/2019_____(date):


Name:_____BARRON, ANDREW J,_____

Address:__1401 JFK BLVD -5TH FLOOR_____

Address:_____

City, State, Zip Code:__PHILADELPHIA PA 19102_____


Name:_____LEVY, BART E,_____

Address:___1515 MARKET STREET SUITE 950_____

Address:_____

City, State, Zip Code:__PHILADELPHIA PA 19102_____


Name:_____

Address:_____

Address:_____

City, State, Zip Code:_____


Date:_4-21-19_____                    By:_____

Case ID: 190102251
Control No.: 21022158

# Exhibit "D"

Case ID: 190102251
Control No.: 21122158

PHILADELPHIA COURT OF COMMON PLEAS
PETITION/MOTION COVER SHEET

| FOR COURT USE ONLY | |
| --- | --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

**CONTROL NUMBER:**

**085068**

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

_City of Philadelphia et al_

vs.

_Historic Qingda Inc et al_

_January_ Term, _2019_
Month                              Year

No. _2251_

Name of Filing Party:
_City of Philadelphia, School Dist. Phila._

☒ Plaintiff          ☐ Defendant
*(Check one)*

☐ Movant           ☐ Respondent
*(Check one)*

Has another petition/motion been decided in this case?   ☐ Yes   ☒ No
Is another petition/motion pending?

*If the answer to either question is yes, you must identify the judge(s):*   ☐ Yes   ☒ No

INDICATE NATURE OF DOCUMENT FILED:

☐ Petition (Attach Rule to Show Cause)          ☒ Motion

☐ Answer to Petition          ☐ Response to Motion

TYPE OF PETITION/MOTION *(see list on reverse side)*

_MTSVR   Motion for Alt. Service_

PETITION/MOTION CODE
*(see list on reverse side)*

_MTSVR_

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

**I. CASE PROGRAM**

**Is this case in the** *(answer all questions)*:

**A. COMMERCE PROGRAM**

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?

☐ Yes   ☐ No

**B. DAY FORWARD/MAJOR JURY PROGRAM — Year_____**

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?

☐ Yes   ☐ No

**C. NON JURY PROGRAM**

Date Listed: _____

**D. ARBITRATION PROGRAM**

Arbitration Date: _____

**E. ARBITRATION APPEAL PROGRAM**

Date Listed: _____

**F. OTHER PROGRAM:** _____

Date Listed: _____

**II. PARTIES** (required for proof of service)
(Name, address and *telephone number* of all counsel of record and unrepresented parties.   Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

City Of Philadelphia Etal Vs Historic Qingda-MTSVR

19010225100030

2019 AUG -8  AM 10: 23
OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PA

FILED

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| _(signature)_ | _8/8/19_ | _Andrew Baran_ | _300666_ |
| --- | --- | --- | --- |
| *(Attorney Signature/Unrepresented Party)* | *(Date)* | *(Print Name)* | *(Attorney I.D. No.)* |

The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date. No extension of the Answer/Response Date will be granted even if the parties so stipulate.

30-1061 (Rev. 8/2014)

Case ID: 190102251
Control No.: 21122158

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | PHILADELPHIA COUNTY |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| | : | NO.  190102251 |
| v. | : | |
| | : | **085068** |
| HISTORIC QINGDAO, INC. | : | |
| AND | : | |
| MICHAEL G. NAESSENS, OFFICER | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiff's

Motion for Alternative Service pursuant to Pa. R.C.P. 430(a) and Philadelphia Civil Rule 430.1, it is

hereby ORDERED that said Motion is GRANTED and Plaintiff may effect service upon Defendants

by alternative means.

It is hereby ORDERED that service of the Civil Action Complaint upon Defendants Historic

Qingdao, Inc. and Michael Naessens is to be made by U.S. regular mail to attorney Bart Levy, Esq.,

at 1515 Market Street, Suite 950, Philadelphia, PA 19102.

**BY THE COURT**:

_____

**J.**

Case ID: 190102251
Control No.: 21122158

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR    ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA  19102
(215) 686-3824

|  |  |  |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | PHILADELPHIA COUNTY |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| | : | NO.  190102251 |
| v. | : | |
| | : | **085068** |
| HISTORIC QINGDAO, INC. | : | |
| AND | : | |
| MICHAEL G. NAESSENS, OFFICER | : | |

*(stamp: 2019 AUG -8 AM 10: 22 — OFFICE OF JUDICIAL RECORDS FIRST JUDICIAL DISTRICT OF PA — FILED)*

## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs, City of Philadelphia and the School District of Philadelphia (collectively, "Plaintiff"), by and through its counsel, hereby petitions for alternative service of original process upon Defendants Historic Qingdao, Inc. and Michael G. Naessens.  Plaintiff hereby avers the following:

1.    On January 24, 2019, Plaintiff filed a Complaint in Civil Action against Defendants Historic Qingdao, Inc. ("Defendant Corporation") and its sole officer, Michael G. Naessens ("Defendant Officer") (collectively, "Defendants") to collect unpaid Liquor Taxes.

2.    Plaintiff reinstated the Complaint against Defendants on March 14, 2019 and again on May 30, 2019.

3.    On January 25, 2019 and May 16, 2019, Plaintiff attempted service of the instant Complaint upon Defendants at 8501 W. University Ave., Unit 2091, Las Vegas, NV 89147 via certified mail pursuant

Case ID: 190102251
Control No.: 21122158

to Pa.R.C.P 404(2), but each mailing was returned to sender. A true and correct copy of the returned mail is attached hereto as Exhibit "A."

4.      Upon information and belief, on January 22, 2019, Defendant Officer was arrested by authorities in Clark County, NV and was held in custody at the Clark County Detention Center. A true and correct copy of the Clark County inmate record, as viewed on February 6, 2019, is attached hereto as Exhibit "B."

5.      On February 13, 2019, Plaintiff unsuccessfully attempted service upon Defendant Officer at Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101 via certified mail. *See* Exhibit "B."

6.      Upon information and belief, Defendant Officer was extradited to Philadelphia for criminal proceedings. A true and correct copy of the Philadelphia Municipal Court secure docket sheet (updated to May 14, 2019) is attached hereto as Exhibit "C."

7.      According to the criminal docket (Exhibit "C"), Defendant Officer's home address is 8501 W. University Ave, Unit 2091, Las Vegas, NV 89147.

8.      Upon information and belief, a Status Hearing in the criminal case against Defendant Officer was scheduled for March 29, 2019.

9.      Plaintiff sent an investigator to serve Defendant Officer at the March 29, 2019 hearing.

10.     Defendant Officer did not appear at the March 29, 2019 hearing. A true and correct copy of the affidavit of attempted service is attached hereto as Exhibit "D."

11.     On April 11, 2019, Plaintiff obtained a TransUnion (TLOxp) report showing the address of Defendant Corporation and Defendant Officer as 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147. A true and correct abridged copy of the TLOxp Report is attached as Exhibit "E."

12.     Plaintiff has also attempted service via certified mail on various other addresses listed in the TLOxp report to no avail.

13.     On April 11, 2019, May 16, 2019, and June 4, 2019, Plaintiff attempted to obtain information from the Postmaster of Las Vegas, NV, pursuant to the Freedom of Information Act, 39 C.F.R. § 265 to confirm that Defendant Officer's mail is delivered to 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147.

14.     Despite multiple attempts, each letter sent to the Las Vegas postmaster has been returned blank. A true and correct copy of the three blank postmaster requests are attached as Exhibit "F."

15.     Plaintiff provided the Complaint to the Clark County sheriff for service.

16.     On July 24, 2019, the Clark County sheriff unsuccessfully attempted service at 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147. A true and correct copy of the affidavit from the Clark County sheriff is attached as Exhibit "G."

17.     Upon information and belief, Defendant Officer is in the process of selling 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147 and may be now residing in an unknown location. A true and correct copy of a Redfin real estate listing, viewed August 7, 2019, is attached hereto as Exhibit "H."

18.     On March 13 and 14, 2019, Bart Levy, Esquire ("Levy"), entered his appearance on behalf of Defendant Officer and Defendant Corporation, respectively. A true and correct copy of the docket evidencing Levy's entry of appearance is attached hereto as Exhibit "I."

19.     Plaintiff's attempts to serve Defendants through Levy pursuant to Pa.R.C.P. 402(b) have been unsuccessful because, according to Levy, Defendant Officer specifically instructed him to not accept service.

20.     On April 22, 2019, despite having an attorney's appearance entered of record, Defendant Officer, acting *pro se*, filed a Motion to Stay Proceedings. *See* Exhibit "I."

21.     On May 17, 2019, Judge Shirdan-Harris denied Defendant Officer's *pro se* Motion. *See* Exhibit "I."

22.     By actively participating in this lawsuit, Defendant Officer has waived service. *See Fleehr v. Mummert*, 857 A.2d 683 (Pa. Super. Ct. 2004); *Cinque v. Asare*, 585 A.2d 490 (Pa. Super. Ct. 1990).

23.     Plaintiff was unsuccessful in achieving personal service of the Complaint upon Defendants at 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147, despite repeated attempts.

24.     Pursuant to Pennsylvania Rule of Civil Procedure 430(a) and Philadelphia Civil Rule 430.1(B)(1)(a) – (f), Plaintiff has conducted a good faith investigation to ascertain the whereabouts of Defendants.

25.     After a good faith investigation to ascertain the present address of Defendants, Plaintiff avers to the best of its knowledge, information, and belief that attempts at service have been made at the Defendants' last known address of 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147 and that Defendants are failing to respond.

26.     Pursuant to Pennsylvania Rules of Civil Procedure 430(a), Plaintiff requests leave to serve original process by alternate service via U.S. regular mail to Attorney Levy.

27.     Alternatively, Plaintiff requests this Court deem service waived.


WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the Order herein proposed authorizing service upon Defendants Historic Qingdao, Inc. and Michael G. Naessens, by U.S. regular mail to Bart Levy, Esq., or deeming service waived.


Respectfully submitted,


BY:     _____/s/_____
            ANDREW J. BARRON
            Assistant City Solicitor
            Attorney for Plaintiff


Dated: 8/8/19

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR            ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA 19102
(215) 686-3827

---

| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | PHILADELPHIA COUNTY |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| | : | NO. 190102251 |
| v. | : | |
| | : | **085068** |
| HISTORIC QINGDAO, INC. | : | |
| AND | : | |
| MICHAEL G. NAESSENS, OFFICER | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs, the City of Philadelphia and the School District of Philadelphia (collectively, "Plaintiff"), by and through its undersigned counsel, files this Memorandum of Law in support of its Motion for Alternative in the above captioned manner and in support avers the following:

Civil Rule 430.1 of the Philadelphia County Court Rules regarding Alternative Service states in pertinent part:

(A)    *Right of Service*.  Pursuant to Pa. R.C.P. 430, the Plaintiff has the right of service in such manner, as the Court by special Order shall direct in cases where service cannot otherwise be made.

(B)    *Procedure*.  When a return of "Not Found" or its equivalent has been made after more than one attempt to make service by the Sheriff or where the first return of "Not Found" indicates that further attempts at personal service would not be successful, the Plaintiff's counsel may request an Order permitting service of the complaint by regular mail to the Defendant's last known address by filing an affidavit in accord with either paragraphs (1) and (2) or paragraph (3) below, …

(1)    An averment of good faith investigation made to ascertain the present residence of the Defendant, which must consist of at least three of the following:
(a)    An examination of telephone directories.

(b)     Inquiries made of neighbors or relatives.

(c)     Inquiries made of employers or former employers.

(d)     Inquires made of credit bureaus.

(e)     An examination of public records or any other records required to be kept by law, i.e., information from Post Office Department pursuant to Freedom of Information Act, Bureau of Motor Vehicles, etc.

(f)     Any other specifically averred investigation which is reasonably calculated to provide information on defendant's whereabouts.

(2)     In addition to the requirements set forth in paragraph (1) above, affidavits shall include the specific inquiries made and the specific responses received from the Plaintiff's investigation, including dates thereof.  If inquiries and/or responses were made by mail, a copy of all correspondence shall be submitted with the required affidavit.

(3)     An averment that to the best of Plaintiff's counsel's personal knowledge, information and belief, the address given is Defendant's residence and the manner in which said address was obtained.

Civil Rule 430.1(B) imposes a good faith requirement upon counsel to locate the whereabouts of the Defendant. Accordingly, Plaintiff may resort to alternative service upon a Defendant once Plaintiff makes a "good faith effort" to discover the correct address. *See Deer Park Lumber, Inc. v. Major*, 559 A.2d 941 (Pa. Super. Ct. 1989); *Adoption of Walker*, 360 A.2d 603 (Pa. 1976).

On January 24, 2019, Plaintiff filed a Complaint in Civil Action against Defendants Historic Qingdao, Inc. ("Defendant Corporation") and Michael G. Naessens ("Defendant Officer"), (collectively, "Defendants") to collect unpaid Liquor Taxes. Plaintiff reinstated the Complaint against Defendants on March 14, 2019 and again on May 30, 2019.

On January 25, 2019 and May 16, 2019, Plaintiff attempted service of the instant Complaint upon Defendants at 8501 W. University Ave., Unit 2091, Las Vegas, NV 89147 via certified mail pursuant to Pa.R.C.P 404(2), but the mailing was returned to sender. A true and correct copy of the returned mail is attached hereto as Exhibit "A."

Upon information and belief, on January 22, 2019, Defendant Officer was arrested by authorities in Clark County, NV and was held in custody at the Clark County Detention Center. A true

Case ID: 190102251
Control No.: 21122158

and correct copy of the Clark County inmate record, as viewed on February 6, 2019, is attached hereto as Exhibit "B." On February 13, 2019, Plaintiff unsuccessfully attempted service upon Defendant Officer at Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101 via certified mail. *See id.*

Upon information and belief, Defendant Officer was extradited to Philadelphia for criminal proceedings. A true and correct copy of the Philadelphia Municipal Court secure docket sheet (updated to May 14, 2019) is attached hereto as Exhibit "C." According to the criminal docket (Exhibit "C"), Defendant Officer's home address is 8501 W. University Ave, Unit 2091, Las Vegas, NV 89147.

A Status Hearing in the criminal case against Defendant Officer was scheduled for March 29, 2019. Plaintiff sent an investigator to serve Defendant Officer at the March 29, 2019 hearing, but Defendant Officer did not appear. A true and correct copy of the affidavit of attempted service is attached hereto as Exhibit "D."

On April 11, 2019, Plaintiff obtained a TransUnion (TLOxp) report showing the address of Defendant Corporation and Defendant Officer as 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147. A true and correct abridged copy of the TLOxp Report is attached as Exhibit "E." Plaintiff has also attempted service via certified mail on various other addresses listed in the TLOxp report to no avail.

On April 11, 2019, May 16, 2019, and June 4, 2019, Plaintiff attempted to obtain information from the Postmaster of Las Vegas, NV, pursuant to the Freedom of Information Act, 39 C.F.R. § 265 to confirm that Defendant Officer's mail is delivered to 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147. Despite multiple attempts, each letter sent to the Las Vegas postmaster has been returned blank. A true and correct copy of the three blank postmaster returns are attached as Exhibit "F."

Case ID: 190102251
Control No.: 21122158

Plaintiff provided the Complaint to the Clark County sheriff for service. On July 24, 2019, the Clark County sheriff unsuccessfully attempted service at 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147. A true and correct copy of the affidavit from the Clark County sheriff is attached as Exhibit "G." Upon information and belief, Defendant Officer is in the process of selling 8501 W. University Avenue, Unit 2091, Las Vegas, NV 89147 and may be now residing in an unknown location. A true and correct copy of a Redfin real estate listing, viewed August 7, 2019, is attached hereto as Exhibit "H."

On March 13 and 14, 2019, Bart Levy, Esquire ("Levy"), entered his appearance on behalf of Defendants Officer and Defendant Corporation, respectively. A true and correct copy of the docket evidencing Levy's entry of appearance is attached hereto as Exhibit "I." Plaintiff's attempts to serve Defendants through Levy pursuant to Pa.R.C.P. 402(b) have been unsuccessful because, according to Levy, Defendant Officer specifically instructed him to not accept service.

On April 22, 2019, despite having an attorney's appearance entered of record, Defendant Officer, acting *pro se*, filed a Motion to Stay Proceedings. *See* Exhibit "I." On May 17, 2019, Judge Shirdan-Harris denied said Motion. *See id.*

By actively participating in this lawsuit, Defendant Officer has waived service. The Superior Court has held "a defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" *Fleehr v. Mummert,* 857 A.2d 683, 685 (Pa. Super. Ct. 2004) (citing *Cathcart v. Keene Industrial Insulation,* 471 A.2d 493, 499 (Pa. Super. Ct. 1984)). *See also Cinque v. Asare,* 585 A.2d 490, 491 (Pa. Super. Ct. 1990) (waiving defective service by filing an appearance and a request for production of documents with the court). By filing a *pro se* motion to stay proceedings, Defendant Officer has manifested an intent to submit to this Court's jurisdiction. Defendant Officer is clearly aware that the instant lawsuit has been filed

Case ID: 190102251
Control No.: 21122158

against him but is actively attempting to avoid service of process. As such, Plaintiff respectfully requests this Court to grant this Motion and permit service via U.S. regular mail to Levy. Alternatively, Plaintiff requests this Court deem service waived.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the Order herein proposed authorizing service upon Defendants Historic Qingdao, Inc. and Michael G. Naessens, by U.S. regular mail to Bart Levy, Esq. or deeming service waived.

Respectfully submitted,

BY:        /s/

ANDREW J. BARRON
Assistant City Solicitor
Attorney for Plaintiff

Date:  8/8/19

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR                ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA 19102
(215) 686-3827

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | PHILADELPHIA COUNTY |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| | : | NO. 190102251 |
| v. | : | |
| | : | |
| HISTORIC QINGDAO, INC. | : | |
| AND | : | |
| MICHAEL G. NAESSENS, OFFICER | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document,

the original of which was filed with the Court in the above matter, was properly served upon Bart

Levy, Esq. via electronic filing.


BY:  _____/s/_____

ANDREW J. BARRON
Assistant City Solicitor
Attorney for Plaintiff


Dated: 8/8/19

Case ID: 190102251
Control No.: 21122158

# Exhibit "E"

Case ID: 190102251
Control No.: 21122158

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| AND | : | PHILADELPHIA COUNTY |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| | : | NO.  190102251 |
| v. | : | |
| | : | **085068** |
| HISTORIC QINGDAO, INC. | : | |
| AND | : | |
| MICHAEL G. NAESSENS, OFFICER | : | |

### ORDER

AND NOW, this __13th__ day of __August__ , 2019, upon consideration of Plaintiff's

Motion for Alternative Service pursuant to Pa. R.C.P. 430(a) and Philadelphia Civil Rule 430.1, it is

hereby ORDERED that said Motion is GRANTED and Plaintiff may effect service upon Defendants

by alternative means.

It is hereby ORDERED that service of the Civil Action Complaint upon Defendants Historic

Qingdao, Inc. and Michael Naessens is to be made by U.S. regular mail to attorney Bart Levy, Esq.,

at 1515 Market Street, Suite 950, Philadelphia, PA 19102.   *and certified mail*
*return receipt requested*

City Of Philadelphia Et-ORDER

|||||||||||
19010225100033

**BY THE COURT:**

_____ **J.**

Case ID: 190102251
Control No.: 21122158

# Exhibit "F"

Case ID: 190102251
Control No.: 21122158

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
215-686-3827

ATTORNEY FOR PLAINTIFF

*Filed and Attested by the*
*Office of Judicial Records*
*11 DEC 2019 10:49 am*
*C. JONES*

CITY OF PHILADELPHIA
          AND
SCHOOL DISTRICT OF PHILADELPHIA
          v.
HISTORIC QINGDAO INC.
          AND
MICHAEL G. NAESSENS, OFFICER

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.  19-01-02251

### CERTIFICATE OF SERVICE

I, ANDREW J. BARRON, Attorney for the Plaintiff(s), do hereby certify, pursuant to 18 Pa. CS §4904, that service of the Complaint in the above captioned matter was made on all defendants, at the address listed below, on **November 27, 2019**, by United States Postal Service, Certified Mail, pursuant to Rule 403, as evidenced by the signed receipt attached hereto. Service by certified mail was authorized by Judge Paula Patrick's order dated August 13, 2019, attached herto.

c/o BART LEVY, ESQUIRE
1515 MARKET STREET
SUITE 950
PHILADELPHIA, PA 19102

MARISSA M. O'CONNELL
Divisional Deputy City Solicitor

Date: 12-11-2019

BY: _____
ANDREW J. BARRON
Assistant City Solicitor
Attorney for Plaintiff

| | | |
|---|---|---|
| CITY OF PHILADELPHIA<br>AND<br>SCHOOL DISTRICT OF PHILADELPHIA | :<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | NO.  190102251 |
| v. | :<br>: | **085068** |
| HISTORIC QINGDAO, INC.<br>AND<br>MICHAEL G. NAESSENS, OFFICER | :<br>:<br>: | |

## ORDER

AND NOW, this ___13th___ day of ___August___, 2019, upon consideration of Plaintiff's

Motion for Alternative Service pursuant to Pa. R.C.P. 430(a) and Philadelphia Civil Rule 430.1, it is

hereby ORDERED that said Motion is GRANTED and Plaintiff may effect service upon Defendants

by alternative means.

It is hereby ORDERED that service of the Civil Action Complaint upon Defendants Historic

Qingdao, Inc. and Michael Naessens is to be made by U.S. regular mail to attorney Bart Levy, Esq.,

at 1515 Market Street, Suite 950, Philadelphia, PA 19102. *and certified mail*
*return receipt reques[t]*

City Of Philadelphia Et-ORDER

19010225100033

BY THE COURT:

_____ J.

Case ID: 190102251
Control No.: 21122158

CP #19-01-02251

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☑ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>11-27-2019 K. M. Hanner |
| 1. Article Addressed to:<br><br>Bart Levy, Esquire<br>1515 Market Street<br>Suite 950<br>Philadelphia, PA 19102 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>NOV 27 2019   1:45 pm |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4989 9063 3192 90 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7018 1830 0001 7783 5304 | ☐ ___ Mail Restricted Delivery |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Case ID: 190102251
Control No.: 21122158

CP #19-01-02251



Case ID: 190102251
Control No.: 21122158

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR
ATTORNEY IDENTIFICATION NUMBER: 320666
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BLVD
PHILADELPHIA, PA  19102
(215) 686-3827

ATTORNEY FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
02 JAN 2020 11:22 am
G. IMPERATO*

CITY OF PHILADELPHIA, et al.

VS

HISTORIC QINGDAO INC., et al.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO. 190102251

## CERTIFICATE OF SERVICE

I, Andrew J. Barron, attorney for Plaintiffs, do hereby certify, pursuant to 18 Pa.C.S. § 4904, that

service of the Complaint in the above-captioned matter was made on all defendants, at the

address below, on **November 27, 2019**, by United States Postal Service, Regular Mail, pursuant

to Judge Paula Patrick's order dated August 13, 2019, attached hereto.

      c/o BART LEVY, ESQUIRE
      1515 MARKET STREET
      SUITE 950
      PHILADELPHIA, PA 19102

Date: January 2, 2020

By: _____/s/_____
ANDREW J. BARRON
ASSISTANT CITY SOLICITOR

| | | |
|---|---|---|
| CITY OF PHILADELPHIA<br>AND<br>SCHOOL DISTRICT OF PHILADELPHIA<br><br>v.<br><br>HISTORIC QINGDAO, INC.<br>AND<br>MICHAEL G. NAESSENS, OFFICER | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NO.  190102251<br><br>**085068** |

### ORDER

AND NOW, this __13th__ day of __August__, 2019, upon consideration of Plaintiff's

Motion for Alternative Service pursuant to Pa. R.C.P. 430(a) and Philadelphia Civil Rule 430.1, it is

hereby ORDERED that said Motion is GRANTED and Plaintiff may effect service upon Defendants

by alternative means.

It is hereby ORDERED that service of the Civil Action Complaint upon Defendants Historic

Qingdao, Inc. and Michael Naessens is to be made by U.S. regular mail to attorney Bart Levy, Esq.,

at 1515 Market Street, Suite 950, Philadelphia, PA 19102. *and certified mail return receipt reques*

City Of Philadelphia Et-ORDER

19010225100033

**BY THE COURT:**

_____ **J.**

# Exhibit "G"

Case ID: 190102251
Control No.: 21122158



# OFFICE OF THE PROTHONOTARY
## COURT OF COMMON PLEAS
### ROOM 284, CITY HALL • PHILADELPHIA, PA. 19107

*Filed and Attested by the
Office of Judicial Records
02 JAN 2020 11:31 am
A. STAMATO*

**JOSEPH H. EVERS
PROTHONOTARY**

TO:   **HISTORIC QINGDAO INC.**
      **c/o MICHAEL G. NAESSENS, OFFICER**
      **8501 W. UNIVERSITY AVENUE**
      **LAS VEGAS, NV 89147**

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR          ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19102
215-686-3827

CITY OF PHILADELPHIA
          AND                                           COURT OF COMMON PLEAS
SCHOOL DISTRICT OF PHILADELPHIA                         PHILADELPHIA COUNTY
               v.
HISTORIC QINGDAO INC.                                   NO. 19-01-02251
          AND
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE
LAS VEGAS, NV 89147

### NOTICE
**Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified
that a Judgment has been entered against you in the above proceeding as indicated below.**

- ■ **Judgment by Default**
- ☐ **Money Judgment**
- ☐ **Judgment in Replevin**
- ☐ **Judgment for Possession**
- ☐ **Judgment on Award of Arbitration**
- ☐ **Judgment on Verdict**
- ☐ **Judgment on Court Findings**

IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CALL:

ATTORNEY _____ ESQUIRE
            ANDREW J. BARRON
            ASSISTANT CITY SOLICITOR
at this telephone number: (215) 686-3827

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR      ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 309080
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
215-686-3827

CITY OF PHILADELPHIA                            COURT OF COMMON PLEAS
        AND                                PHILADELPHIA COUNTY
SCHOOL DISTRICT OF PHILADELPHIA
        v.                               NO. 19-01-02251
HISTORIC QINGDAO INC.
        AND
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE
LAS VEGAS, NV  89147

### PRAECIPE FOR JUDGMENT BY DEFAULT
### AGAINST DEFENDANT(S) FOR FAILURE TO PLEAD

TO THE PROTHONOTARY:

Kindly enter Judgment by Default in the total amount of $67,149.10 on Count(s) I and III as follows, for failure to plead to the complaint endorsed with notice to plead within the time required by law:

(A)    On Count I of the Complaint, against defendant corporation HISTORIC QINGDAO INC., in the amount of $66,249.10 together with interest and penalties through the date of judgment as provided by §19-509 of The Philadelphia Code.

(B)    On Count III of the Complaint, against defendant corporation HISTORIC QINGDAO INC., only, for the fines in the amount of $900.00 as provided by §19-509 (5) of The Philadelphia Code.

Date: _12/30/19_                By: _____
                                     ANDREW J. BARRON
                                     ASSISTANT CITY SOLICITOR
                                     Attorney for City of Philadelphia

Case ID: 190102251
Control No.: 21122158

I HEREBY CERTIFY that the Plaintiff is the City of Philadelphia, City of Philadelphia, Law Department Municipal Services Building,1401 John F. Kennedy Boulevard, 5th Floor, Philadelphia, PA 19102-1595, and that the defendant(s) is (are):

NAME(S):       HISTORIC QINGDAO INC.

ADDRESS:    c/o MICHAEL G. NAESSENS, OFFICER
                       8501 W. UNIVERSITY AVENUE
                       LAS VEGAS, NV  89147

Date: ___12/30/19___                                By: _____
                                                                   ANDREW J. BARRON
                                                                   ASSISTANT CITY SOLICITOR
                                                                   Attorney for City of Philadelphia

I HEREBY CERTIFY that written notice of intention to file Praecipe for Entry of Judgment by Default was mailed to the Defendant Corporation HISTORIC QINGDAO INC. c/o MICHAEL G. NAESSENS, OFFICER, at 8501 W. UNIVERSITY AVENUE, LAS VEGAS, NV  89147 on December 18, 2019 pursuant to Rule 237.1.

Date: _12-30-19_

By: _Marcell G. Pace_

MARCELL G. PACE

TAX ANALYST II

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR      ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
215-686-3827

CITY OF PHILADELPHIA
     AND
SCHOOL DISTRICT OF PHILADELPHIA      COURT OF COMMON PLEAS
     v.      PHILADELPHIA COUNTY
HISTORIC QINGDAO INC.
     AND      NO. 19-01-02251
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE 2091
LAS VEGAS, NV  89147

To:  HISTORIC QINGDAO INC.
    c/o MICHAEL G. NAESSENS, OFFICER
    **8501 W. UNIVERSITY AVENUE 2091**
    **LAS VEGAS, NV  89147**

Date of Notice: December 18, 2019

## IMPORTANT NOTICE

    YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

| | |
|---|---|
| PHILADELPHIA BAR ASSOCIATION | AASOCIACION DE LICENCIADOS DE FILADELFIA |
| LAWYER REFERRAL AND INFO SERVICE | SSERVICIO DE REFERENCIA E INFORMACION LEGAL |
| 1101 MARKET STREET | 11101 MARKET STREET |
| PHILADELPHIA, PA 19107 | FFILADELFIA, PA 19107 |
| (215) 238-6300 | TTELEFONO (215) 238-6300 |

RESPECTFULLY SUBMITTED,

ANDREW J. BARRON
ASSISTANT CITY SOLICITOR
COUNSEL FOR PLAINTIFF
CITY OF PHILADELPHIA



# OFFICE OF THE PROTHONOTARY
# COURT OF COMMON PLEAS
### ROOM 284, CITY HALL ● PHILADELPHIA, PA. 19107

Filed and Attested by the
Office of Judicial Records
02 JAN 2020 11:33 am
A. STAMATO

**JOSEPH H. EVERS**
**PROTHONOTARY**

TO:   **MICHAEL G. NAESSENS, OFFICER**
      **8501 W. UNIVERSITY AVENUE**
      **LAS VEGAS, NV 89147**

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR          ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19102
215-686-3827

CITY OF PHILADELPHIA
      AND                                                COURT OF COMMON PLEAS
SCHOOL DISTRICT OF PHILADELPHIA                          PHILADELPHIA COUNTY
      v.
HISTORIC QINGDAO INC.                                    NO. 19-01-02251
      AND
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE
LAS VEGAS, NV 89147

## NOTICE
**Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified
that a Judgment has been entered against you in the above proceeding as indicated below.**

- ■ **Judgment by Default**
- ☐ **Money Judgment**
- ☐ **Judgment in Replevin**
- ☐ **Judgment for Possession**
- ☐ **Judgment on Award of Arbitration**
- ☐ **Judgment on Verdict**
- ☐ **Judgment on Court Findings**

IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CALL:

ATTORNEY _____ ESQUIRE
          ANDREW J. BARRON
          ASSISTANT CITY SOLICITOR
at this telephone number: (215) 686-3827

Case ID: 190102251
Control No.: 21122158

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR      ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 309080
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
215-686-3827

CITY OF PHILADELPHIA                  COURT OF COMMON PLEAS
          AND                             PHILADELPHIA COUNTY
SCHOOL DISTRICT OF PHILADELPHIA
          v.                           NO. 19-01-02251
HISTORIC QINGDAO INC.
          AND
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE
LAS VEGAS, NV  89147

## PRAECIPE FOR JUDGMENT BY DEFAULT
## AGAINST DEFENDANT(S) FOR FAILURE TO PLEAD

TO THE PROTHONOTARY:

      Kindly enter Judgment by Default in the total amount of $67,149.10 on Count(s) II and III as follows, for failure to plead to the complaint endorsed with notice to plead within the time required by law:

      (A)     On Count II of the Complaint, against defendant officer MICHAEL G. NAESSENS, in the amount of $66,249.10 together with interest and penalties through the date of judgment as provided by §19-509 of The Philadelphia Code.

      (B)     On Count III of the Complaint, against defendant officer MICHAEL G. NAESSENS, only, for the fines in the amount of $900.00 as provided by §19-509 (5) of The Philadelphia Code.

Date: 12/30/19

By: _____
ANDREW J. BARRON
ASSISTANT CITY SOLICITOR
Attorney for City of Philadelphia

Case ID: 190102251
Control No.: 21122158

I HEREBY CERTIFY that the Plaintiff is the City of Philadelphia, City of Philadelphia, Law Department Municipal Services Building,1401 John F. Kennedy Boulevard, 5th Floor, Philadelphia, PA 19102-1595, and that the defendant(s) is (are):

NAME(S):    HISTORIC QINGDAO INC.

ADDRESS:    c/o MICHAEL G. NAESSENS, OFFICER
                8501 W. UNIVERSITY AVENUE
                LAS VEGAS, NV  89147

Date: 12/30/19                By:

                                  ANDREW J. BARRON
                                  ASSISTANT CITY SOLICITOR
                                  Attorney for City of Philadelphia

## VERIFICATION OF NON-MILITARY SERVICE
## AS TO:  MICHAEL G. NAESSENS

Pursuant to the penalties of Pa. C.S. §4904 relating to unsworn falsification to authorities, I, MARCELL G. PACE, Tax Analyst II, 5th Floor, Municipal Services Building, 1401 John F. Kennedy Blvd, Philadelphia, Pennsylvania 19102-1595, verifying to the best of my knowledge, information and belief that:

1.      The precise last known address of the defendant(s) is/are as follows:

        **8501 W. UNIVERSITY AVENUE**
        **LAS VEGAS, NV  89147**

2.      That defendant(s) is/are over 18 years of age and not in the military service of the United States or its Allies or otherwise within the coverage of the Soldiers' and Sailors' Relief Act of 1940, as amended; and

3.      Defendant(s) **has**/have civilian occupation(s).

Date: _12-30-19_                    By: _Marcell G. Pace_
                                        MARCELL G. PACE
                                        TAX ANALYST II

I HEREBY CERTIFY that written notice of intention to file Praecipe for Entry of Judgment by Default was mailed to the Defendant Officer MICHAEL G. NAESSENS at 8501 W. UNIVERSITY AVENUE, LAS VEGAS, NV  89147 on December 18, 2019 pursuant to Rule 237.1.

Date: 12-30-19

By: *Marcell G. Pace*

MARCELL G. PACE
TAX ANALYST II

Case ID: 190102251
Control No.: 21122158

BY: ANDREW J. BARRON, ASSISTANT CITY SOLICITOR            ATTORNEY FOR PLAINTIFF
ATTORNEY IDENTIFICATION NUMBER: 320666
CITY OF PHILADELPHIA, LAW DEPARTMENT
5TH FLOOR, MUNICIPAL SERVICES BUILDING
1401 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19102
215-686-3827

CITY OF PHILADELPHIA
          AND
SCHOOL DISTRICT OF PHILADELPHIA                          COURT OF COMMON PLEAS
          v.                                             PHILADELPHIA COUNTY
HISTORIC QINGDAO INC.
          AND                                            NO. 19-01-02251
MICHAEL G. NAESSENS, OFFICER
8501 W. UNIVERSITY AVENUE 2091
LAS VEGAS, NV 89147

**To: MICHAEL G. NAESSENS, OFFICER**
**      8501 W. UNIVERSITY AVENUE 2091**
**      LAS VEGAS, NV 89147**

**Date of Notice: December 18, 2019**

## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

| | |
|---|---|
| PHILADELPHIA BAR ASSOCIATION | AASOCIACION DE LICENCIADOS DE FILADELFIA |
| LAWYER REFERRAL AND INFO SERVICE | SSERVICIO DE REFERENCIA E INFORMACION LEGAL |
| 1101 MARKET STREET | 1101 MARKET STREET |
| PHILADELPHIA, PA 19107 | FFILADELFIA, PA 19107 |
| (215) 238-6300 | TTELEFONO (215) 238-6300 |

RESPECTFULLY SUBMITTED,

ANDREW J. BARRON
ASSISTANT CITY SOLICITOR
COUNSEL FOR PLAINTIFF
CITY OF PHILADELPHIA